## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ELIZABETH MIQUELON,                    )
                                       )
                    Plaintiff,         )
                                       )          CIVIL ACTION
v.                                     )
                                       )          No. 17-2274-KHV
UNIVERSITY OF KANSAS HOSPITAL          )
AUTHORITY,                             )
                    Defendant.         )
_____)

## MEMORANDUM AND ORDER

On May 11, 2017, Elizabeth Miquelon filed a complaint asserting that the University of Kansas Hospital Authority engaged in disability discrimination and violated the Family Medical Leave Act ("FMLA"). Complaint For Damages (Doc. #1). Specifically, she claims failure to accommodate, termination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., as amended by ADA Amendments Act of 2008 ("ADAAA") (Counts 1, 2 and 3) and interference and retaliation in violation of the FMLA, 29 U.S.C. §§ 2601 et seq., (Counts 4 and 5). This matter is before the Court on Defendant University Of Kansas Hospital Authority's Motion To Dismiss Counts I, II And III Of Plaintiff's Complaint, Or In The Alternative, To Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #24) filed August 29, 2017. Plaintiff opposes this motion. Plaintiff's Suggestions In Opposition To Defendant's Motion To Dismiss (Doc. #29) filed September 19, 2017. For reasons below, the Court overrules defendant's motion.

## Legal Standard

Federal courts must have a constitutional basis to exercise jurisdiction because they are courts of limited jurisdiction. Devon Energy Prod. Co., v. Mosaic Potash, 693 F.3d 1195, 1201

(10th Cir. 2012). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is proper. Id.

Generally, a Rule 12(b)(1), Fed. R. Civ. P., motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). Here, defendant challenges the facts on which subject matter jurisdiction depend, i.e. whether plaintiff exhausted administrative remedies on her ADAAA claims. Memorandum In Support Of Defendant University Of Kansas Hospital Authority's Motion To Dismiss Counts I, II And III Of Plaintiff's Complaint, Or In The Alternative, To Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #25) filed August 29, 2017 at 1-2. When reviewing a factual attack on subject matter jurisdiction, the Court has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). Holt, 46 F.3d at 1003.

**Factual And Procedural Background**

A corporate body created by Kansas statute, defendant provides medical services in Kansas City, Kansas. Complaint (Doc. #1), ¶ 3. Plaintiff, a resident of Kansas City, Missouri, began working for defendant as a registered nurse in 1998. Id., ¶¶ 3, 19. From August of 2015 through February of 2016, plaintiff took multiple weeks of FMLA leave for health and family issues. See id., ¶¶ 27, 46-47. In December of 2015, defendant transferred plaintiff to a different location and required her to complete an orientation program. Id., ¶¶ 34-38. In January of 2016, plaintiff told defendant's human resources department that she had been treated unfairly and that she believed defendant was retaliating against her. Id., ¶¶ 48, 51. Defendant terminated plaintiff's employment on February 4, 2016. Id., ¶ 57.

On May 4, 2016, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Commission on Human Rights ("KCHR"). Id., ex. 1. More than 180 days after she filed her charge, plaintiff requested a right-to-sue letter from the EEOC. Plaintiff's Suggestions In Opposition (Doc. #29) at 7. The EEOC forwarded plaintiff's request to the office of the Attorney General of the United States. Id. On February 16, 2017, the Acting Assistant Attorney General issued plaintiff a right-to-sue letter. Complaint (Doc. #1), ex. 2. On May 11, 2017, plaintiff filed her complaint in this Court. Id.

## Analysis

Before filing an employment discrimination suit in federal court, plaintiff must exhaust administrative remedies. Apsley v. Boeing Co., 691 F.3d 1184, 1210 (10th Cir. 2012); 42 U.S.C. § 2000e-5(f)(1); see 42 U.S.C. § 12117 (incorporating Section 2000e-5 as exhaustion procedure). If plaintiff fails to exhaust, a federal court lacks subject matter jurisdiction to entertain discrimination claims under the ADAAA. Andrews v. GEO Group, Inc., 288 F. App'x 514, 517 (10th Cir. 2008). Defendant argues that the Court lacks subject matter jurisdiction because plaintiff failed to properly exhaust administrative remedies. See Memorandum In Support (Doc #25) at 1-2. In particular, defendant complains that plaintiff received her notice of right-to-sue letter from the Attorney General instead of the EEOC.[1] See id.

---

[1]    In their briefs, the parties focus on whether defendant is "a government, governmental agency or political subdivision." 29 C.F.R. § 1601.28(a)(1); see Docs. ##25, 29, 31. The Court decides this motion on other grounds. See infra 4-5. Nevertheless, if the parties raise this issue again, the Court expects more thorough briefing. The parties should cite more authority by substantiating arguments with case law and analyzing relevant statutes, regulations and legislative history. On this record, disputed facts and unresolved legal issues prevent the Court from concluding as a matter of law or undisputed fact that defendant is not a "government, governmental agency or political subdivision."

To exhaust administrative remedies, plaintiff generally must present her claim to and receive a right-to-sue letter from the proper agency. If respondent is not "a government, governmental agency or political subdivision," plaintiff must present her claim to and receive her right-to-sue letter from the EEOC or authorized state agency (in Kansas, the KHRC). 29 C.F.R. § 1601.28(a)(1). If respondent is "a government, governmental agency or political subdivision," plaintiff must present her claim to and receive her right-to-sue letter from the Attorney General of the United States. Hiller v. Okla. ex rel. Used Motor Vehicle and Parts Com'n, 327 F.3d 1247, 1251 (10th Cir. 2003); 29 C.F.R. § 1601.28(a)(2). After filing her charge, plaintiff can demand a right-to-sue letter if the agency does not file a civil action or enter into a conciliation agreement within 180 days. 42 U.S.C. § 2000e-5(f); Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1271 (10th Cir. 2001); see Stone v. Dep't of Aviation, 290 F. App'x 117, 122 (10th Cir. 2008) (relying on Title VII case law to interpret ADA enforcement question). After 180 days, on proper request, agencies must issue a right-to-sue letter. 42 U.S.C. § 2000e-5(f).

On May 4, 2016, plaintiff filed charges with the EEOC and the KCHR. Complaint (Doc #1), ¶ 13, ex. 1 (plaintiff's charge). More than 180 days later, the EEOC had not instituted a civil suit or entered into a conciliation agreement with defendant. Therefore, pursuant to Section 2000e-5(f), plaintiff requested a right-to-sue letter from the EEOC. Plaintiff's Suggestions In Opposition (Doc. #29) at 7. The EEOC did not grant this request, but forwarded it to the Attorney General's office. Id. On February 16, 2017, plaintiff received a right-to-sue letter from the Acting Assistant Attorney General. Complaint (Doc. #1), ex. 2 (right-to-sue from Attorney General's office). In part, the notice stated that plaintiff "filed the above charge with the [EEOC], and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge." Id., ex. 2.

-4-

The EEOC was obligated to issue plaintiff a right-to-sue letter, but "plaintiff should not be penalized for the inaction of the EEOC." Dupree v. Hous. Auth. of Kansas City, Kan., No. 89-2244-V, 1991 WL 12819, at *5 (D. Kan. Jan. 11, 1991); see Occidental Life Ins. Co. of Cal. v. E.E.O.C., 432 U.S. 355, 366 (1977) ("An aggrieved person unwilling to await the conclusion of extended EEOC proceedings may institute a private lawsuit 180 days after a charge has been filed"); see also Benton v. South Fork, 587 F. App'x 447, 450-51 (10th Cir. 2014). Even if plaintiff should have received notice from the EEOC – instead of the Attorney General – the Tenth Circuit has granted equitable relief in similar situations where an agency refused to issue a right-to-sue and placed plaintiff in a "catch-22 situation." See Hiller, 327 F.3d at 1251-52 (excusing plaintiff's failure to obtain notice from proper agency). Here, plaintiff's actions accomplished the dual purposes of administrative exhaustion – seeking informal dispute resolution and providing notice to the respondent. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). Thus, the Court overrules defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant University Of Kansas Hospital Authority's Motion To Dismiss Counts I, II And III Of Plaintiff's Complaint, Or In The Alternative, To Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #24) filed August 29, 2017 is **OVERRULED**.

Dated this 13th day of November, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge